UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALTERNATIVE ENERGY SOLUTIONS, LTD., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CIVIL NO. 2:11 cv 267 |
| ANTHONY CHICO and METRO POWER INCORPORATED, | ) ) ) ) | |
| Defendant | ) | |

## OPINION AND ORDER

This matter is before the court on the Motion for an Extension of Time to Answer or Otherwise Plead [DE 9] filed by the defendant, Metro Power Incorporated, on August 15, 2011, and the Motion for Expedited Discovery [DE 10] filed by the plaintiff, Alternative Energy Solutions, Ltd., on August 16, 2011.

This matter arises from Alternative Energy's complaint that Anthony Chico, a former employee, obtained employment with Metro Power, Alternative Energy's competitor, in violation of their employment agreement and Indiana law. Alternative Energy asserts that Chico and Metro Power have pursued Alternative Energy's customers and demands a preliminary injunction to prevent further loss of revenue. Alternative Energy insists that expedited discovery is necessary so it may develop information to support its claim for preliminary injunctive relief to protect itself against further loss of revenue and customers. Specifically, Alternative Energy requests that Metro Power produce Chico for an expedited deposition within ten days, prior to the parties' compliance with Federal Rule of Civil Procedure 26(f). In its

motion, Alternative Energy states that it has been unsuccessful in serving a summons upon Chico.

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Similarly, Federal Rule of Civil Procedure 30(a)(2)(C) provides that leave of court must precede a deposition taken before the time specified in Rule 26(d). A party seeking leave to conduct an expedited deposition has the burden of justifying this request. *See **Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc**.*, 213 F.R.D. 418, 419 (D.Colo. 2003)("However, a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."). *See also* 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* §2046.1, p. 592 (2d ed. 1994) ("Although the rules do not say so, it is implicit that some showing of good cause should be made to justify such an order.").

The singular explanation Alternative Energy presents in support of expediting Chico's deposition is that the defendants continue to solicit its customers in violation of its employment agreement with Chico, causing irreparable harm. Alternative Energy's motion is devoid of any explanation of the irreparable harm it alleges it will suffer as a result of denying its request. Although Alternative Energy carries the burden to show good cause, it has not explained how the expedited deposition will reduce the potential harm or how it would be prejudiced from

following the normal course of discovery. Rather, it appears that the true motive for the request is to serve Chico with the summons, something Alternative Energy has been otherwise unsuccessful in accomplishing.

Not only did Alternative Energy fail to meet its burden to establish that deviation from the discovery procedures is justified, Alternative Energy also failed to comply with the procedural rules. Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1 mandate that the parties must first attempt to resolve discovery disputes absent court intervention and must submit a separate certificate detailing the attempts it made to resolve the dispute. Alternative Energy's motion was not accompanied by the mandatory certification. In light of the procedural and substantive shortcomings of Alternative Energy's motion, the Motion for Expedited Discovery [DE 10] is **DENIED.**

Alternative Energy also opposes Metro Power's request for an extension of time to file its answer. Alternative Energy insists that a prompt hearing on its request for a preliminary injunction is necessary to prevent further injury and that permitting the extension of time to answer will only further delay the hearing. However, as explained above, Alternative Energy has not explained how it will suffer irreparable injury, nor has Alternative Energy served the summons on Chico, further delaying the hearing on Alternative Energy's request for a preliminary injunction. Because all the parties are not yet before the court, the court sees no harm in extending the time for Metro Power to respond to

the complaint.  Therefore, the Motion for an Extension of Time to Answer or Otherwise Plead [DE 9] filed by the defendant, Metro Power Incorporated, is **GRANTED**.  Metro Power is **DIRECTED** to file its answer or otherwise respond to Alternative Energy's complaint on or before September 14, 2011.

    ENTERED this 2nd day of September, 2011

                                  s/ Andrew P. Rodovich
                                      United States Magistrate Judge